The document below is hereby signed.

Signed: August 16, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANK OSTROFF and MARIA T. | ) | Case No. 09-00594 |
| RAMIREZ OSTROFF, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| FRANK OSTROFF and MARIA T. | ) | |
| RAMIREZ OSTROFF, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No. |
| | ) | 09-10020 |
| v. | ) | |
| | ) | |
| AMERICAN HOME MORTGAGE, *et | ) | |
| al.*, | ) | |
| | ) | **For publication in West's** |
| Defendants. | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION RE DISMISSING
ADVERSARY PROCEEDING FOR LACK OF SUBJECT MATTER JURISDICTION

The plaintiffs commenced this adversary proceeding seeking

to have this court determine that certain deeds of trust on 3210

Volta Place, NW, Washington, D.C., are invalid and unenforceable

and that the creditors holding those deeds of trust have no liens

against the property.  I issued an order to show cause why this

adversary proceeding ought not be dismissed for lack of subject

matter jurisdiction.  Both the plaintiff and the defendant

American Home Mortgage filed in response to that order arguing

that jurisdiction is proper.  For the reasons set forth below, I

conclude that this court lacks subject matter jurisdiction.

I

The facts underlying this adversary proceeding are not in

dispute.  On July 8, 2009, the plaintiffs, Frank and Maria

Ostroff, commenced a case in this court under chapter 7 of the

Bankruptcy Code (11 U.S.C.).  The Ostroffs claimed as exempt the

entire value of 3210 Volta Place, and it has become exempt

property.  The Ostroffs seek in this adversary proceeding to have

this court determine that the defendants' deeds of trust

encumbering 3210 Volta Place are invalid.

The Ostroffs allege that the deeds of trust on 3210 Volta

Place are invalid because they hold the property as tenants by

the entirety and only Frank Ostroff executed the deeds.  American

Home has raised several defenses and asserts counterclaims

seeking to quiet title, to find an equitable lien, and to find

equitable subrogation, seeking to maintain its lien on the

property notwithstanding having failed to obtain Maria Ostroff's

signature on the deeds of trust.

In light of these facts, I entered an order directing the

parties to show cause why the adversary proceeding ought not be

dismissed for lack of subject matter jurisdiction.  Thereafter,

the Ostroffs and American Home filed in response, arguing that
jurisdiction was proper.  The Ostroffs later amended their
complaint to add the Internal Revenue Service as a party, seeking
to have the court determine the priority of a pre-petition tax
lien on 3210 Volta Place.

II

The district courts are granted limited subject matter
jurisdiction by virtue of 28 U.S.C. § 1334 and when the district
court refers a proceeding to the bankruptcy court pursuant to 28
U.S.C. §  157, the bankruptcy court exercises the limited subject
matter jurisdiction of the district court.  Section 1334(a)
grants original and exclusive jurisdiction to the district court
for all cases under title 11 and § 1334(b) grants the district
court original but not exclusive jurisdiction for all civil
proceedings arising under title 11, or arising in or related to
cases under title 11.  Moreover, § 1334(e) grants the district
court exclusive jurisdiction over all property of the debtor and
property of the estate as of the commencement of the case,
regardless of where that property is located.  Finally, § 157(a)
provides that the district court may refer this jurisdiction to
the bankruptcy judges for the district, which the District Court
for the District of the District of Columbia has done via
standing order.

To recapitulate, Congress has addressed two types of

jurisdiction.  With respect to **proceedings**, Congress has
authorized the district courts (and the bankruptcy courts by way
of referral from the district courts) to hear any proceeding (1)
arising under the Bankruptcy Code, (2) arising in a case under
the Bankruptcy Code, and (3) related to cases arising under the
bankruptcy.  With respect to **property**, Congress has given the
courts jurisdiction over property of the debtor and property of
the estate.  None of these jurisdictional provisions confer this
court with subject matter jurisdiction over this adversary
proceeding.

III

With respect to jurisdiction over **proceedings**, this
adversary proceeding does not fit within any of the categories of
proceedings for which the bankruptcy court has subject matter
jurisdiction.

A.

First, this adversary proceeding does not arise under the
Bankruptcy Code.  Nothing in either the Ostroffs' amended
complaint or the defendant's amended answer, including the
counterclaims asserted therein, cite to any provision of the
Bankruptcy Code as a basis for relief.

The Ostroffs are seeking to avoid the deeds of trust on
their property on the basis that they hold the property as
tenants by the entirety and that Maria Ostroff did not sign the

4

deeds of trust at issue in this adversary proceeding.  As I

pointed out in my order to show cause, however, the Ostroffs are

not relying on any provision of the Bankruptcy Code to avoid the

deeds of trust.  Nor could they.

While, to be sure, the Bankruptcy Code does provide

opportunities to avoid deeds of trust encumbering property held

in a tenancy by the entirety, *see, e.g.*, 11 U.S.C. § 544

(granting the trustee the power to avoid unperfected liens), none

of these opportunities are available here.  The Ostroffs

commenced their case under chapter 7 of the Bankruptcy Code.

Debtors in chapter 7 bankruptcy are only given limited powers to

avoid liens.

Section 522(f)(1) of the Bankruptcy Code allows debtors to

avoid judicial liens and liens on certain personal property to

the extent those liens impair an exemption.  The liens here are

neither judicial liens nor do they encumber personal property.

Potentially more relevant, § 522(h) endows the debtor with many

of the trustee's avoidance powers, but limits a debtor's ability

to use these powers to instances when the transfer the debtor is

seeking to avoid was an involuntary transfer.  Here, the Ostroffs

do not alleged that the transfer was involuntary, nor do they

cite § 522(h) as a basis for relief in either their amended

complaint or their response to the order to show cause.

American Home also fails to show that its counterclaims

arise under the Bankruptcy Code.  Like the Ostroffs, American
Home cites no provision of the Bankruptcy Code as a basis for
relief.

In its first counterclaim, Quiet Title—Declaratory
Judgment—Injunctive Relief, American Home asks the court to
exercise its "equitable powers" to declare its deeds of trust as
valid, first and second lien positions against 3210 Volta Place
and to require the Ostroffs to execute any and all documents
necessary to perfect its liens.  This relief, however, exists
solely by virtue of District of Columbia property and equitable
law, not the Bankruptcy Code.  Consequently, it provides an
insufficient basis to find jurisdiction based on the proceeding
arising under the Bankruptcy Code.

In its second counterclaim, Declaratory Judgement—Equitable
Lien, American Home again asks for relief that exists solely by
virtue of District of Columbia property and equitable law.
Particularly, American Home asks the court to declare its liens
valid and enforceable as an equitable lien.  This basis for
relief is similarly unavailing as a basis for jurisdiction as
arising under the Bankruptcy Code.

Finally, American Home asks the court to equitably subrogate
its lien to First Union and Provident, the mortgages it paid off
in refinancing 3210 Volta Place.  Once again, though, this is a
cause of action that arises under District of Columbia law and

does not provide the defendant with a hook for arising under
title 11 jurisdiction under 28 U.S.C. 1334(b).

American Home's right to enforce any lien that it could
enforce under state law against the exempt homestead despite the
property being exempt *does* arise under the Bankruptcy Code,
specifically, under 11 U.S.C. § 522(c)(2), but its state law
right to enforce a lien arises under state law, not under the
Bankruptcy Code.  Adjudicating what rights American Home has
under state law is not a proceeding arising under the Bankruptcy
Code.  If it has any such right to enforce a lien under state
law, there is no dispute regarding the applicability of
§ 522(c)(2) to permit the enforcement of that lien.

The parties have not attempted to found subject matter
jurisdiction on the existence of defenses to the claims that
arise under non-bankruptcy law.  I conclude that even though the
Ostroffs raise a defense under the Bankruptcy Code to American
Home's claims for finding a lien exists, subject matter
jurisdiction cannot be founded on that basis.  As noted above,
American Home asks the court to exercise its "equitable powers"
to declare its deeds of trust as valid, first and second lien
positions against 3210 Volta Place and to require the Ostroffs to
execute any and all documents necessary to perfect its liens.
The Ostroffs defend on the basis that the discharge injunction of
11 U.S.C. § 524(a) bars a proceeding to impose a lien, which did

7

not exist previously, on 3210 Volta Place.  In *Rivet v. Regions
Bank of Louisiana*, 522 U.S. 470, 475 (1998), a party sought to
justify removal of a proceeding on the basis that a prior
bankruptcy court order barred the removed action.  The Court
disagreed, concluding that although the defense arose under
federal law (the bankruptcy court order), the complaint could not
be viewed as asserting a claim based on federal jurisdiction.
The Court observed:

> We have long held that "[t]he presence or absence of
> federal-question jurisdiction is governed by the
> 'well-pleaded complaint rule,' which provides that
> federal jurisdiction exists only when a federal question
> is presented on the face of the plaintiff's properly
> pleaded complaint." *Caterpillar Inc. v. Williams*, 482
> U.S. 386, 392 (1987); *see also Louisville & Nashville R.
> Co. v. Mottley*, 211 U.S. 149, 152 (1908).  A defense is
> not part of a plaintiff's properly pleaded statement of
> his or her claim.  *See Metropolitan Life Ins. Co. v.
> Taylor*, 481 U.S. 58, 63 (1987); *Gully v. First Nat. Bank
> in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case
> within the [federal-question removal] statute, a right or
> immunity created by the Constitution or laws of the
> United States must be an element, and an essential one,
> of the plaintiff's cause of action.").

The complaint here addressed only whether the property was free
of any lien, a question under District of Columbia law, not under
the Bankruptcy Code.  In response to the American Home's
counterclaim and efforts to impose a lien through equitable
powers existing under District of Columbia law, the Ostroffs have
raised the defense of the discharge injunction, but a defense is
not a basis for finding subject matter jurisdiction.  The
Ostroffs' complaint did not invoke the discharge injunction, and

8

thus that does not furnish a basis for finding subject matter jurisdiction.

"The discharge injunction granted by section 524(a) is a substantive right conferred by the Bankruptcy Code . . . enforceable through a declaratory judgment action." *Insurance Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum)*, 118 F.3d 1056, 1063 (5th Cir. 1997). The well-pleaded complaint rule nevertheless necessitates finding that "arising under" subject matter jurisdiction was not pled. *Liberty Mut. Insur. Co. v. Lone Star Indus., Inc.*, 313 B.R. 9, 16 (D. Conn. 2004) (removed complaint could not be viewed as "arising under" the Bankruptcy Code even if a defense existed under the Bankruptcy Code); *State of Arkansas Teacher Retirement System v. Merrill Lynch & Co., Inc. (In re LJM2.Co-Investment, L.P.)*, 319 B.R. 495, 500-02 (Bankr. N.D. Tex. 2005). The complaint and the counterclaim, for reasons next discussed, are not related to the Ostroffs' case under chapter 7 of the Bankruptcy Code, and accordingly the existence of the discharge defense cannot be used as a basis to treat those pleadings as fitting within the exception to the well-pleaded complaint rule for "related to" jurisdiction. *See Bank of America, N.A. v. Brennan Title Co. (In re Donoho)*, 402 B.R. 687, 697 (Bankr. E.D. Va. 2009) (well-pleaded complaint rule does not apply when a bankruptcy removal is predicated on "related to" jurisdiction);

*In re Brooks Mays Music Co.*, 363 B.R. 801, 815 (Bankr. N.D. Tex. 2007) (same).

The Ostroffs sought a determination whether a lien existed on their property, a question of District of Columbia law. To the extent they could seek a declaration that American Home is barred by the discharge injunction from securing a determination under District of Columbia law that a lien exists on their property via equitable remedies, a narrow question distinct from whether District of Columbia law affords such equitable remedies, the dismissal of this adversary proceeding will be without prejudice to their filing a complaint seeking such relief. The court can then address such issues as abstention and the discretionary factors regarding entertaining a declaratory judgment action. *See In re LJM2.Co-Investment, L.P.*, 319 B.R. at 502; *In re Antonious*, 373 B.R. 400, 409 (Bankr. E.D. Pa. 2007).

B.

Having determined that neither the complaint nor the counterclaim arises under the Bankruptcy Code, the next issue is whether the parties' claims either "arise in" or "relate to" the Ostroffs' chapter 7 case. As I explained in my November 25, 2009 order to show cause, *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), sets forth the relevant test for whether a proceeding

is "related to" to a bankruptcy case.[1]  Under *Pacor*, a proceeding is related to a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 994.  In response to the order to show cause, American Home and the Ostroffs put forth several arguments that jurisdiction is proper.

1.

First, American Home argues that there is an effect on the estate because if the Ostroffs avoid all the liens, 3210 Volta Place will be available for distribution to the unsecured creditors.  In arriving at this conclusion, American Home states that 3210 Volta Place will be available because the Ostroffs have failed to properly exempt the property and therefore it is available to be sold for the benefit of unsecured creditors.  As I explain in my memorandum opinion of March 8, 2010, in the main

---

[1]  It is important to note that because the "arise in" and "related to" standards operate conjunctively the court need only determine whether the adversary proceeding is at least related to the bankruptcy case. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987).  If the proceeding does not at least meet the lesser related-to standard, it cannot, by definition, meet the arising-in standard.

case, however, the Ostroffs have exempted 3210 Volta Place.[2]

Because 3210 Volta Place is exempt, the only outcome of the adversary proceeding would be to determine whether the defendants have a valid, enforceable lien on 3210 Volta Place.  In the event the defendants do, that lien will survive bankruptcy and will remain enforceable against the property.  In the event the defendants do not, then the Ostroffs take 3210 Volta Place free of American Home's liens, with no effect on the estate.  None of the equity freed up by virtue of any lien avoidance will go to the benefit of the estate or unsecured creditors.  Rather, that value would fall to junior lienors or the Ostroffs, to the extent they are able to avoid all the liens on the property or enough liens to provide them with an equity cushion.

2.

Notwithstanding the practical reality that avoiding these liens has no effect on the administration of the estate, both the

---

[2]  As I noted in my memorandum opinion in the main case regarding American Home's renewed objection to the Ostroffs' exemption of 3210 Volta Place, the Ostroffs' amendment of an unrelated schedule does not have the effect of reopening the period for objecting to exemptions under Fed. R. Bankr. Proc. 4003.  Moreover, even in the event that the Ostroffs' amendment of an unrelated schedule were to open up the objection period to their claimed exemptions, if I were to grant American Home's objection I would likely do so without prejudice to the Ostroffs' filing an amended list of exemptions.  Unless American Home were able to come up with a reason why the Ostroffs' amended exemption of 3210 Volta Place under the District's unlimited homestead exemption was improper (and they have put forth no reasons why it would be), the detour of granting American Home's objection would merely lead us back to the place we are today.

Ostroffs and American Home argue that jurisdiction lies because this is a core proceeding under 28 U.S.C. § 157.

Section 157(b)(1) provides that, upon referral from the district court, the bankruptcy court "may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11 . . . ." Section 157(b)(2) goes on to enumerate certain core proceedings, including, under § 157(b)(2)(K), "determinations of the validity, extent, and priority of liens," and, under § 157(b)(2)(O), "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or equity security holder relationship, except personal injury tort or wrongful death claims." The parties, however, read too much into § 157.

The plain language of § 157(b) only allows a court to hear and determine core proceedings that arise under title 11 or arise in a case under title 11. This adversary proceeding does not fit within either of those two categories. First, this adversary proceeding does not arise under title 11. As I stated above, nothing in either the Ostroffs' complaint or American Home's counterclaims relies on a provision of the Bankruptcy Code as a basis for relief. Second, this adversary proceeding does not arise in a case under title 11. "The 'arising in a case under' category is generally thought to involve administrative-type matters . . . or as the *Wood* court put it 'matters that could

13

arise only in bankruptcy.'" *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (citing *Collier on Bankruptcy* and quoting *In re Wood*, 825 F.2d at 97). This adversary proceeding has nothing to do with the administration of the case or the estate and does not concern a matter that could arise only in bankruptcy. To the contrary, this matter arises solely by virtue of District of Columbia law. Consequently, under the plain language of § 157(b) this is not a core proceeding that arises under title 11 or in a case under title 11.

Moreover, § 157(b) does not in itself provide the bankruptcy courts with jurisdiction. Rather, this provision serves to divide between the district courts and the bankruptcy courts who bears the laboring oar. In proceedings that are core proceedings under § 157, the bankruptcy court bears the laboring oar on making findings of facts and conclusions of law. In proceedings that are *not* core proceedings but are nevertheless related to the bankruptcy case, the bankruptcy court is empowered by 28 U.S.C. § 157(c)(1) only to make proposed findings of facts and conclusions of law (unless the parties consent otherwise under § 157(c)(2)). Importantly, however, in order for a proceeding to be either core or non-core, jurisdiction must first lie by virtue of § 1334. Only after jurisdiction is proper does § 157 come in to play.

Section 1334(b) does not grant jurisdiction over proceedings

that solely affect property that a debtor has exempted from the estate. *Turner v. Ermiger (In re Turner)*, 724 F.2d 338 (2d Cir. 1983); *see also In re McClellan,* 99 F.3d 1420, 1422-23 (7th Cir. 1996); *In re Graziadei*, 32 F.3d 1408, 1410 n.2 (9th Cir. 1994) (bankruptcy court lacked subject matter jurisdiction to order that fees owed to his former spouse's attorney pursuant to a postpetition divorce decree be paid out of proceeds of exempt property); *Menotte v. United States (In re Garcia),* 2002 WL 31409580 (S.D. Fla. 2002). In *In re Turner*, the debtor Turner exempted from the estate her cause of action against her landlord Ermiger for conversion of restaurant equipment, and claimed other exemptions that exhausted the estate. The Court of Appeals held that the bankruptcy court did not have "related to" jurisdiction over the proceeding:[3]

> Turner brought the present action, which she had reclaimed from the estate pursuant to § 522(d), in her own name. There is no suggestion that the proceeds would be turned over to the trustee, or accounted for to him, and the judgment below orders Ermiger to pay the damages directly to her. Failure to recover on the claim against Ermiger could not increase her exemption claim under

---

[3]   *In re Turner* held that for a proceeding to be "related to" the bankruptcy case, the proceeding must have a "significant connection" to the debtor's bankruptcy case. In *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992), the Court of Appeals clarified this test by indicating that, "The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankruptcy estate." (Citations omitted.) The Second Circuit has thus aligned itself with the *Pacor* test. Under the *Pacor* test, the outcome in *In re Turner* would have been the same.

§ 522(d) of the Code since her exemptions had already
exhausted the estate.

*In re Turner*, 724 F.2d at 341.  Here, too, the Ostroffs have

exhausted the estate by way of their exemptions, leading the

trustee to file a Report of No Distribution, and regardless of

the outcome of the parties' claims, they will have no impact on

the other exemptions the Ostroffs have claimed as to other

assets.  As this court noted in a similar case, a "claim that the

lien is invalid is simply a characteristic of the property

exempted . . . , and the debtors can assert that invalidity

outside of this bankruptcy case."  *In re Wilson*, 2004 WL 420037,

*2 (Bankr. D.D.C. Feb. 27, 2004).

A proceeding is not "related to" a bankruptcy case merely

because the debtor happens to be a debtor in bankruptcy at the

time the proceeding is brought.  As stated in *Boone v. Community*

*Bank of Homestead (In re Boone)*, 52 F.3d 958, 961 (11th Cir.

1995):

> The role of debtor is defined by the panoply of rights
> and duties arising from the petition in bankruptcy; the
> outcome of the tortious interference claim will not alter
> those rights and duties in any way.  Hence, "[t]o fall
> within the court's jurisdiction, the plaintiffs' claims
> must affect the estate, not just the debtor."  *In re*
> *Wood*, 825 F.2d at 94.

Because § 1334 does not give the bankruptcy court jurisdiction

over proceedings that solely affect the debtor's property, § 157

never becomes applicable to this adversary proceeding in the

first instance.  For this reason, the parties' argument that this

16

is a core proceeding and therefore jurisdiction is proper is unavailing.

Notwithstanding the foregoing analysis, the parties cite several cases in support of their contention that this is a core proceeding and therefore jurisdiction is proper.  Two cases American Home cites go against its position.  *Continental Nat'l Bank v. Sanchez (In Re Toledo)*, 170 F.3d 1340 (11th Cir. 1999), found that jurisdiction did lie but only after it concluded that there would be an effect on the assets of the estate.  In so holding, the *Toledo* court distinguished a previous case where it did not find jurisdiction because any recovery in that adversary proceeding "would not inure to the benefit of the estate." *Id*. at 1346 (distinguishing *In re Boone*, 52 F.3d at 958).  Because the Ostroffs have exempted the entire value of 3210 Volta Place, whether these liens are valid has no effect on the estate and, accordingly, *Toledo* does not support American Home's position. In the second case American Home cites, *Hasset v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748 (S.D.N.Y. 1994), the court found the proceeding to be non-core on the basis that § 157(b)(2)(K) only applied to liens that affected property of the estate.  *Id*. at 759.

Another case on which American Home relies, *Gibbs v. F & M Marquette Nat'l Bank (In re Gibbs)*, 44 B.R. 475 (Bankr. D. Minn. 1984), is readily distiguishable from this case.  In *Gibbs,* the

17

court held that jurisdiction lied by virtue of § 506(d).  It was

only after the court determined the action arose under the

Bankruptcy Code that § 157(b)(2)(K) came into play and the court

determined that the matter was core.  This is consistent with the

analysis above and, consequently, does not provide a foundation

for subject matter jurisdiction in this case, where the parties

cite to no provision in the Bankruptcy Code as a basis for

relief.

Two decisions American Home cites, however, do support its

position.  These decisions conclude that jurisdiction lies for a

bankruptcy court to determine the validity of liens even when the

debtor has exempted the property which the liens purport to

encumber and the objection period to exemptions has expired.  In

*Hallmark Capital Group, LLC v. Pickett (In re Pickett)*, 362 B.R.

794 (Bankr. S.D. Tex. 2007), the court found that § 157(b)(2)(K)

provided jurisdiction over not only property of the estate, but

also property of the debtor that had become exempt.  *Id.* at 797.[4]

The other case supporting American Home's argument, *First State*

---

[4]  In *Veldelkens v. GE HFS Holdings, Inc. (In re Doctors
Hospital 1997, L.P.)*, 351 B.R. 813 (Bankr. S.D. Tex. 2006), an
opinion authored by the *Hallmark* judge, the court reached a
similar conclusion, finding a proceeding core by concluding that
§ 157(b)(2)(K) included determining the validity of liens on
property of a reorganized corporate debtor.  *Id.* at 844-45.  That
decision may be distinguishable because it involved a corporate
debtor's property, and addressed the court's continuing
jurisdiction over lien questions that had pertained to property
of the estate and that were still in play after confirmation of a
plan vested the property at issue in the reorganized debtor.

18

*Bank of Wykoff v. Grell (In re Grell)*, 83 B.R. 652 (Bankr. D. Minn. 1988), similarly concluded that bankruptcy courts have jurisdiction over disputes regarding the validity of liens on property of the debtor by virtue of § 157(b)(2)(K).  *Id.* at 657. Respectfully, I disagree with these decisions.

As I explained above, before § 157 even comes into play, jurisdiction must first lie under § 1334(b).  After there is jurisdiction, then § 157 serves to determine whether the bankruptcy court is empowered to make findings of fact and conclusions of law.  If even the district court would lack jurisdiction under § 1334(b) because the proceeding does not arise under the Bankruptcy Code or arise in or relate to a case under title 11, § 157 cannot otherwise save a case from dismissal.

3.

Finally, the Ostroffs' amendment to their complaint also fails to create jurisdiction.  Prior to the Ostroffs' filing their chapter 7 petition, the Internal Revenue Service recorded a pre-petition tax lien on 3210 Volta Place.  This IRS tax lien was recorded after American Home, Ocwen, and BB&T, the original defendants in this adversary proceeding, recorded their deeds of trust.  In their response to the order to show cause, the Ostroffs argue that jurisdiction is now proper because the outcome of this adversary proceeding would determine the extent

to which the IRS's tax lien was secured.

In support of their position that adding the IRS as a necessary party cures the jurisdictional defects, the Ostroffs rely on *Holland Industries, Inc. v. United States*, 103 B.R. 461, 466 (Bankr. S.D.N.Y. 1989). In *Holland*, the court opined, in dicta, that "bankruptcy courts routinely determine the validity of tax liens . . . when the lien concerns property of the debtor." This quote, however, is taken out of context. In *Holland*, the court was asked to decide whether it had jurisdiction to determine the validity of a non-debtor lien. Although bankruptcy courts do have jurisdiction to determine the validity of tax liens, the jurisdiction only exists when that determination would have an effect on the administration of the estate, that is, when the debtor has not exempted the property on which the tax lien attached and the trustee has not issued a report of no distribution. Where, as here, the property is exempted and there will be no distribution to unsecured creditors, the fate of the tax lien has no impact upon the estate and, therefore, jurisdiction does not lie merely by adding the IRS as a party.

Moreover, notwithstanding that any determination of the validity of the initial defendants' liens will necessarily determine the extent to which the IRS's tax lien is secured (that is, the extent to which enforcement of the tax lien would yield

the IRS anything), this result does not give the court

jurisdiction.   Again, the test is whether this proceeding would

have any effect on the administration of the estate.   The

Ostroffs have exempted the entire value of 3210 Volta Place.   The

IRS's lien on that property has passed through the Ostroffs'

chapter 7 case unaffected by the bankruptcy case.   To the extent

the Ostroffs are able to avoid some of the initial defendants'

liens, then that may free up value that could be realized via

enforcement of the tax lien.   To the extent that the Ostroffs are

unable to avoid any liens, the IRS will remain a lienholder

unaffected by the bankruptcy case but junior in priority to the

initial defendants' liens and thereby possibly unsecured.   Those

two possible outcomes have no impact on the administration of the

bankruptcy estate because the property has been exempted from the

estate and there are no other assets for the trustee to

administer.   The trustee has issued a report of no distribution,

and how the IRS tax lien fares will have no impact on the

unsecured creditors in the case for whom there will be no

distributions to share, and against whom the IRS would not be

competing to the extent it is an unsecured creditor.   For these

reasons, adding the IRS as a defendant does nothing to cure the

jurisdictional defect in this adversary proceeding.[5]


IV

The final basis of bankruptcy court jurisdiction is 28
U.S.C. § 1334(e)(1), which gives the court exclusive jurisdiction
over all **property** of the debtor at the commencement of the case
and all **property** of the estate, regardless of where that property
is located.  In their response to the order to show cause, the
Ostroffs argue that because 3210 Volta Place was their property
at the time they commenced their chapter 7 case, § 1334(e) now
gives the court jurisdiction to hear their lien avoidance action.
Were the statute interpreted as urged by the parties, then
decisions such as *In re Turner* and *In re Boone* would have to be
viewed as decided in error, and I decline to adopt the parties'
interpretation of the statute.

The conferral by § 1334(e) of exclusive jurisdiction over
the property of the debtor as of the commencement of the case and
over property of the estate furthers the various rights a
bankruptcy trustee has to administer certain property for the
benefit of unsecured creditors.  Section 1334(e) provides that

---

[5]  The Ostroffs also state that at the very least the court
should consider the views of the IRS before dismissing the
adversary proceeding.  The IRS's response, however, would not
change the underlying facts of the adversary proceeding: namely,
that the Ostroffs have exempted the entire value of the property
and the trustee has issued a report of no distribution.

the court has exclusive jurisdiction over the property of the debtor as of the commencement of the case because 11 U.S.C. § 541(a)(1) defines property of the estate as including, with minor exceptions, all of the property of the debtor as of the commencement of the case.  In turn, § 1334(b) permits the court to determine under 11 U.S.C. § 522 the extent to which property will be permitted to be exempted from the estate.  The debtor's property must first come into the estate, subject to the property being exempted and the bankruptcy court's determining questions relating to claims of exemption, and is thus subject in that sense to administration by the bankruptcy court.  *See Sumy v. Schlossberg*, 777 F.2d 921, 925 (4th Cir. 1985) (noting that § 541 overruled *Lockwood v. Exchange Bank*, 190 U.S. 294 (1903), which held that under the Bankruptcy Act the court lacked jurisdiction over property that could be exempted); *In re Charles*, 123 B.R. 52, 54 n.1 (Bankr. E.D. Mo. 1991) (same).

In other words, § 1334(e)(1) divests any other court of the authority to take jurisdiction over the res being administered by the trustee for the benefit of unsecured creditors.  This includes the debtor's property as of the commencement of the case that becomes property of the estate on that date under 11 U.S.C. § 541(a)(1), subject to being exempted out of the estate to the extent permitted by 11 U.S.C. § 522.  Once such property is exempted from the estate, it is property of the debtor anew, and

is no longer property being administered by the bankruptcy trustee as "property of the debtor as of the commencement of the case." An argument thus exists that such property that has become exempt is not covered by § 1334(e)(1).[6]

Even if property that has become exempt is still covered by § 1334(e)(1), that does not address whether the bankruptcy court has subject matter jurisdiction over proceedings relating to such property. Jurisdiction over the **property** of the debtor under § 1334(e) does not equate to jurisdiction under § 1334(b) over a **proceeding** that relates to such property. *See Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 838 (4th Cir. 2007) ("the Debtor would still have had to establish jurisdiction under § 1334(b), since § 1334(e) does not by itself create jurisdiction

---

[6] From a literal standpoint, property of the debtor that fits within the exceptions to the general rule of § 541(a)(1) never becomes property of the estate, and need not be exempted by the debtor. Unlike property that later becomes exempt property, and thus the debtor's property anew, property of the debtor excepted from § 541(a)(1) remains the debtor's property from the outset, not becoming property of the debtor only anew. Conferral of exclusive jurisdiction over such debtor property is thus not susceptible of an argument that exclusive jurisdiction over such property under § 1334(e)(1) ceases upon the property becoming property of the debtor anew. Nevertheless, all that means is that § 1334(e)(1) is an overly broad instrument in protecting the bankruptcy court's authority to administer estate property by conferring exclusive jurisdiction over such property in the bankruptcy court. It does not demonstrate an intent that § 1334(e)(1) address subject matter jurisdiction over proceedings. To the extent that applying § 1334(e)(1) to such property of the debtor as of the commencement of the case that never becomes property of the estate would produce absurd results, principles of statutory interpretation are available to address avoiding such results.

to conduct civil proceedings"); *Jacobs v. Jacobs (In re Jacobs)*, 401 B.R. 202, 205-07 (Bankr. D. Md. 2008).

Although I was initially inclined to follow *Abramowitz v. Palmer*, 999 F.2d 1274 (8th Cir. 1993), and hold that subject matter jurisdiction exists in this case based on § 1334(e)(1), I am now convinced that *Abramowitz* was erroneously decided. *See In re Jacobs*, 401 B.R. at 206-07 (bankruptcy court lacks subject matter jurisdiction to determine the ownership of property that is not property of the estate). In *Abramowitz*, the court held that § 1334(e)(1) (then numbered § 1334(d)) conferred subject matter jurisdiction over a proceeding to determine that the debtor's exempted homestead was subject to a constructive trust, citing two bankruptcy court decisions as directly supporting its holding.

In one of those decisions, *In re Gibbs*, 44 B.R. 475 (Bankr. D. Minn. 1984), the court held that it had subject matter jurisdiction over a proceeding brought under 11 U.S.C. § 506(d) to determine that a lien on exempted property was void as being trumped by superior liens in excess of the value of the property. Plainly that was a proceeding arising under the Bankruptcy Code, fitting within the "arising under" prong of jurisdiction under 28 U.S.C. § 1334(b). Accordingly, *In re Gibbs* does not support the argument that § 1334(e)(1) confers subject matter jurisdiction to determine whether a lien exists under nonbankruptcy law against

25

property that has been exempted from the estate.

In the second decision upon which *Abramowitz* relied, *In re Jackson*, 102 B.R. 82 (Bankr. N.D. Tex. 1988), the court held it had jurisdiction to determine whether under state law a lien existed against property the debtor had exempted, citing § 1334(e)(1) (then numbered § 1334(d)) and *In re Gibbs* as supporting its holding.   The court pointed to proposed § 2-201(a)(2) of statutory changes recommended by the Commission on the Bankruptcy Laws of the United States, a provision never enacted, that would have conferred upon the bankruptcy court jurisdiction over "the determination of all controversies that arise out of a case commenced under this Act," including "controversies involving property set apart to the debtor as exempt, including the enforceability of claims, whether or not secured, against such property."   That language dealt with jurisdiction over **controversies**, not over **property**, and thus was not a forerunner to § 1334(e)(1).   Accordingly, that language cannot be used as a justification for construing § 1334(e)(1) as a basis for conferring subject matter jurisdiction over a proceeding to determine whether a lien exists on property that has been exempted from the estate.

With respect to jurisdiction over "controversies" (the same thing as "proceedings" as that term is used in 28 U.S.C. § 1334(b)), the Commission's proposed § 2-201(a)(2) can be

26

construed as consistent with the current jurisdictional grant
under 28 U.S.C. § 1334(b) with respect to proceedings regarding
exemptions.   Pursuant to § 1334(b), a bankruptcy court can
determine what property is exempt (an issue arising under the
Bankruptcy Code), and can declare whether a lien existing under
state law comes within 11 U.S.C. § 522(c) as remaining
enforceable against exempted property (similarly an issue arising
under the Bankruptcy Code).[7]   Even if § 2-201(a)(2) of the
Commission's proposal *cannot* be construed as consistent with
§ 1334(b), the proposal was never enacted, and § 1334(b), not the
Commission's proposal, governs.   For all of these reasons, I
reject as erroneous the reasoning of *In re Jackson* in concluding
that 28 U.S.C. § 1334(e)(1) (then numbered § 1334(d)) or
§ 1334(b) confers subject matter jurisdiction to determine
whether a lien exists under nonbankruptcy law against exempt
property.

   The consequence is that the *Abramowitz* holding that
§ 1334(e)(1) can provide subject matter jurisdiction over a
proceeding rests on one decision in which "arising under"
jurisdiction existed under § 1334(b) (and thus the existence of
§ 1334(e)(1) was an academic issue) and another decision which

---

   [7]  As discussed previously, however, interpreting § 522(c)
as to whether it covers a particular lien is not the same thing
as determining whether a lien exists on the exempted property in
the first place.

relied on § 1334(e)(1) for subject matter jurisdiction but whose reasoning was seriously flawed. Accordingly, I reject the holding of *Abramowitz* that § 1334(e)(1) can supply subject matter jurisdiction.

Aside from its reliance on § 1334(e)(1), *Abramowitz* also found subject matter jurisdiction over the claim to impose a constructive trust based on the proceeding being a proceeding to declare nondischargeable a debt procured by fraud, a proceeding arising under the Bankruptcy Code and thus falling within the court's "arising under" subject matter jurisdiction. The constructive trust was sought as a remedy for the fraud that was the ground asserted by the plaintiff as a basis for determining nondischargeability of the debt. The constructive trust against the exempted property, therefore, was relief ancillary to the establishment of the nondischargeable debt for fraud. Here, no argument can be made that the determination of whether American Home has a lien on the Ostroffs' homestead is sought as ancillary relief in a proceeding over which this court *does* have subject matter jurisdiction.[8]

*Abramowitz* also cited *Johnson v. Finnman (In re Johnson)*, 960 F.2d 396 (4th Cir. 1992), as a decision in which the

---

[8]  The extent to which a bankruptcy court has subject matter jurisdiction to grant ancillary relief is an area of unsettled law which I need not reach.

bankruptcy court was held to have jurisdiction to determine the existence of constructive trusts in property the debtor had accumulated.  In *Johnson*, however, the property at issue had not been exempted by the debtor, and that distinguishes *Johnson* from this proceeding.  *Johnson* merely upholds the bankruptcy court's power to require beneficiaries of constructive trusts to bring claims in the bankruptcy court so that the trust property can be distinguished from non-trust property that, as property of the estate, the bankruptcy trustee could administer for the benefit of unsecured creditors.  The proceeding in *Johnson* was thus a proceeding addressing the administration of the estate, and fell plainly within the bankruptcy court's subject matter jurisdiction under 28 U.S.C. § 1334(b).  Here, in contrast, the Ostroffs' homestead has been exempted, and the existence *vel non* of a lien on that property is an issue that does not "arise under" the Bankruptcy Code, does not "arise in" the bankruptcy case, and has no impact on the administration of the estate.  Accordingly, there is no subject matter jurisdiction.

V

The property at issue was property of the estate at the commencement of the case.  The Ostroffs claimed the property exempt in its entirety, and when no one timely objected, the property's character for purposes of the case became exempt property under 11 U.S.C. § 522(l) ("Unless a party in interest

29

objects, the property claimed as exempt . . . is exempt.")  If
the property had remained property of the estate, the bankruptcy
trustee, not the Ostroffs, would have been the party with
standing to prosecute a proceeding to declare American Home's
lien invalid in order to administer the equity in the property,
as property of the estate, for the benefit of unsecured
creditors.  The Ostroffs' right to pursue the adversary
proceeding at the outset of the case was based on the prospect
that the property would be treated as exempt property in the case
by reason of § 522(l).  Although the court would have had
jurisdiction over a proceeding by the trustee to declare American
Home's lien invalid on estate property, the court does not have
jurisdiction over such a proceeding by the Ostroffs premised on
the property being exempt.  That subject matter is tested as of
the date of the filing of the complaint gains them nothing
because the proceeding was necessarily founded on its being
pursued as to exempt property.

VI

For the foregoing reasons, I will dismiss this adversary
proceeding for lack of subject matter jurisdiction.  An order
follows.

[Signed and dated above.]

Copies to: All counsel of record.

30